IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MASSACHUSETTS BAY INSURANCE )   Civ. No. 20-00284 HG-WRP
CO.; THE HANOVER INSURANCE )
COMPANY, )
 )
         Plaintiffs, )
 )
 )
    vs. )
 )
 )
ARCADIA ARCHITECTURAL PRODUCTS, )
INC.; ARCADIA INC.; ASSOCIATION )
OF APARTMENT OWNERS OF POIPU )
POINT, )
 )
         Defendants. )
_____ )

**ORDER GRANTING DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC.
AND ARCADIA, INC.'S MOTION TO STAY (ECF No. 65)**

Plaintiffs Massachusetts Bay Insurance Company and The
Hanover Insurance Company ("Insurance Plaintiffs") filed a Third
Amended Complaint for Declaratory Judgment in this Court against
Defendants Arcadia Architectural Products, Inc. ("AAP, Inc."),
Arcadia Inc., ("AAP, Inc." and "Arcadia Inc." together referred
hereinafter to as the "Arcadia Defendants"), and the Association
of Apartment Owners of Poipu Point ("AOAO") relating to a lawsuit
filed by the AOAO against Defendant Arcadia Inc. that is pending
in Hawaii State Court.

In the underlying state court proceeding, the AOAO sued
Arcadia Inc. and other defendants for damages allegedly caused by
windows and sliding glass doors installed at the AOAO's complex

1

on the island of Kauai.  The AOAO claims that the windows and doors corroded and caused damage to the property.  The state court lawsuit alleges that the products were manufactured by Arcadia Inc. and that it issued warranties regarding the products' fitness for use in the project.  Trial is set in Hawaii State Court for February 2021.

The Insurance Plaintiffs filed suit in federal district court for determinations of their duties to defend and indemnify the Arcadia Defendants in the Hawaii State Court proceeding.  The Insurance Plaintiffs assert three general bases for their declaratory relief causes of action in federal court.

First, the Insurance Plaintiffs claim that the allegations in the underlying state suit against Arcadia Inc. are not covered by the policies.  Specifically, they argue that the damages alleged in the state proceeding are for product defect damages which are not covered by the commercial general liability insurance policies at issue.

Second, the Insurance Plaintiffs argue that damages sought in the underlying proceeding are subject to numerous exclusions in the policies.

Third, the Insurance Plaintiffs argue that Arcadia Inc. is not qualified as an insured under the policies, because the policies were issued to AAP, Inc., not to Arcadia Inc.

The Arcadia Defendants filed a Motion asking this Court to

either stay the proceedings until the underlying proceedings are completed or to decline jurisdiction.  The Arcadia Defendants argue that there are numerous factual issues intertwined with the state court proceeding and the insurance proceeding here.  The Arcadia Defendants request a stay in this Court to avoid duplicative litigation and inconsistent rulings with the parallel state court proceeding.

The Insurance Plaintiffs oppose the Motion.

DEFENDANTS AAP, Inc. AND ARCADIA, INC.'S MOTION TO STAY (ECF No. 65) is **GRANTED.**

## **PROCEDURAL HISTORY**

**PROCEEDINGS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT**

On December 18, 2019, Plaintiffs Massachusetts Bay Insurance Company and The Hanover Insurance Company ("Insurance Plaintiffs") filed a COMPLAINT in the United States District Court for the District of Connecticut.  (ECF No. 1).

On December 19, 2019, the Insurance Plaintiffs filed a REVISED COMPLAINT against AAP, Inc.; Arcadia, Inc.; and Association of Apartment Owners of Poipu Point.  (ECF No. 6).

On January 21, 2020, the Insurance Plaintiffs filed a Notice of Voluntary Dismissal of Defendant Association of Apartment Owners of Poipu Point.  (ECF No. 11).

On February 7, 2020, the Insurance Plaintiffs filed a Motion

for leave to file a SECOND AMENDED COMPLAINT.   (ECF No. 14).

On April 20, 2020, Defendants AAP, Inc. and Arcadia, Inc. ("Arcadia Defendants") filed a MOTION TO DISMISS PLAINTIFFS SECOND AMENDED COMPLAINT FOR FAILURE TO JOIN AN INDISPENSIBLE PARTY OR IN THE ALTERNATIVE TO TRANSFER FOR CONVENIENCE OR IN THE ALTERNATIVE TO STAY THE PROCEEDINGS PENDING RESOLUTION OF THE UNDERLYING ACTION.   (ECF No. 19).

On June 15, 2020, the United States District Court for the District of Connecticut issued an Order transferring the SECOND AMENDED COMPLAINT to the United States District Court for the District of Hawaii.   (ECF No. 30).

**PROCEEDINGS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII**

On June 23, 2020, the Second Amended Complaint was transferred to this Court.   (ECF No. 31).

On September 17, 2020, the Insurance Plaintiffs filed a document entitled, "PLAINTIFFS' UNOPPOSED MOTION FOR RE-JOINDER OF THE ASSOCIATION OF APARTMENT OWNERS OF POIPU POINT."   (ECF No. 55).

On September 28, 2020, the Magistrate Judge issued a Minute Order granting the Insurance Plaintiffs leave to amend to add the Association of Apartment Owners of Poipu Point as a defendant. (ECF No. 60).

On October 5, 2020, the Insurance Plaintiffs filed the THIRD

4

AMENDED COMPLAINT (ECF No. 61) naming AAP, Inc., Arcadia, Inc., and Association of Apartment Owners of Poipu Point as Defendants in this case.

On October 26, 2020, the Arcadia Defendants filed a MOTION TO STAY, OR IN THE ALTERNATIVE, DISMISS PROCEEDINGS.  (ECF No. 65).

On November 20, 2020, the Insurance Plaintiffs filed their Opposition.  (ECF No. 67).

On December 7, 2020, the Arcadia Defendants filed their Reply.  (ECF No. 76).

Defendant Association of Apartment Owners of Poipu Point have appeared in the case but have not filed any pleadings with respect to the Arcadia Defendants' Motion.

On December 15, 2020, the Court held a hearing on the Arcadia Defendants' Motion to Stay, or in the Alternative, to Dismiss Proceedings.  (ECF No. 78).

## BACKGROUND

**THE ARCADIA DEFENDANTS**

According to the Third Amended Complaint, Arcadia Architectural Products, Inc. ("AAP, Inc.") was a corporation organized under the laws of the State of Connecticut with a principal place of business located in Connecticut.  (Third Amended Complaint at ¶ 3, ECF No. 61).

Arcadia, Inc. is a corporation organized under the laws of

5

the State of California with a principal place of business located in Vernon, California.  (Third Amended Complaint at ¶ 4, ECF No. 61).

The Arcadia Defendants claim that between 2012 and 2017, AAP, Inc. and Arcadia Inc. were "sister corporations."  (Def.'s Motion at p. 4 n.1, ECF No. 65-1).

The Insurance Plaintiffs assert that in 2013, AAP, Inc. manufactured and supplied windows for a construction project at Poipu Point on the Island of Kauai.  (October 28, 2019 Letter from Insurance Plaintiffs' counsel to AAP, Inc. at p. 3, attached as Ex. 1 to Def.'s Reply, ECF No. 76-1).

The Arcadia Defendants allege that in 2017 "[AAP, Inc.] merged into Arcadia Inc."  (Def.'s Motion at p. 4 n.1, ECF No. 65-1).  According to Khan Chow, the Chief Financial Officer of Arcadia, Inc., in April of 2017, all shareholders of AAP, Inc. exchanged all of their shares in AAP, Inc. for shares in Arcadia, Inc.  Mr. Chow claims that AAP, Inc. became wholly owned by Arcadia, Inc. when Arcadia, Inc. purchased all of the shares of AAP, Inc., "thereby effectively merging the two companies." (Decl. of Khan Chow, Chief Financial Officer of Arcadia, Inc., at ¶¶ 4-5, attached to Def.'s Reply, ECF No. 76-2).

**HAWAII STATE COURT UNDERLYING LAWSUIT**

On February 13, 2018, the underlying lawsuit was filed in the Circuit Court of the First Circuit, State of Hawaii, Civil

No. 18-1-0229-02 BIA.   The lawsuit is pending against the
following Parties:

**State suit Plaintiff:**       Association of Apartment Owners of Poipu
                                Point v.

**State suit Defendants:**   **(1)   Arcadia, Inc.;**

                             (2)   Layton Construction Corporation,
                                   Inc., now known as Layton
                                   Construction LLC;

                             (3)   Shioi Construction, Inc.;

                             (4)   Honsador Lumber LLC; and,

                             (5)   We Painting, Inc.

    (SECOND AMENDED COMPLAINT FOR MONETARY RELIEF in Hawaii
State Court, attached as Ex. A to Def.'s Motion to Stay, ECF No.
65-3).

    The underlying state court lawsuit claims that the
Association of Apartment Owners of Poipu Point ("AOAO") commenced
a renovation project of its condominiums in 2012 that included
installation of new sliding glass doors and windows.  (Id. at ¶
1).

    The state court suit claims that Layton Construction LLC and
Shioi Construction, Inc. were involved in a transaction that
purchased Arcadia, Inc. manufactured windows and doors from
Honsador Lumber LLC.  (Id. at ¶ 18).  We Painting, Inc. is
alleged to have assisted in installing the doors and windows.
(Id. at ¶ 40).

7

The state court suit alleges that **Arcadia, Inc.** "manufactured, coated, and supplied" the sliding glass doors and windows, "representing falsely that its products would be fit for use at the Project site, and proving a comprehensive warranty for all Arcadia Fenestration Units installed at the Poipu Point buildings." (Id. at ¶ 2). "**Arcadia, Inc.**" is alleged to have issued manufacturer's warranties for the windows. (Id. at ¶ 45).

In the state court complaint the AOAO has alleged the following claims against **Arcadia, Inc.**:

Breach of Contract (COUNT I);

Breach of Express Warranty (COUNT V);

Breach of Implied Warranty (COUNT VIII);

Negligence (COUNT XII);

Strict Liability for Manufacturer Design and Fabrication Defect (COUNT XIII); and,

Promissory Fraud (COUNT XV).

(Id. at ¶¶ 43-152).

**THE INSURANCE PLAINTIFFS AGREED TO PROVIDE A DEFENSE TO ARCADIA, MAINTAINING A RESERVATION OF RIGHTS**

In their agreement to represent Arcadia, Inc. in the state court proceeding, the Insurance Plaintiffs indicated their intention only to pay damages they are legally obligated to pay because of property damage and only if the damage was caused by an occurrence. (October 28, 2019 Letter from Insurance

8

Plaintiffs' counsel to AAP, Inc., attached as Ex. 1 to Def.'s Reply, ECF No. 76-1).

The Insurance Plaintiffs also raised the issue as to whom is insured under the policies.  The named insured on the policies is "Arcadia Architectural Products, Inc." but the state court lawsuit was filed against "Arcadia Inc."  In the letter in which the Insurance Plaintiffs agreed to representation of Arcadia Inc., they pointed out further coverage questions.  (Id.)  The letter finds, as follows:

> The Policy recognizes that the named insured "Arcadia Architectural Products, Inc." and its executive officers, directors, stockholders, and employees are insured.  However, the second amended complaint directs its allegations against "Arcadia, Inc.," an entity separate from the named insured.  That being said, upon information and belief, the named insured was the manufacturer of the subject window units, is a proper defendant in this case, and may be identified in the second amended complaint to the extent that specific mention is made to an Arcadia window plant in Stamford, Connecticut and an executive officer of Arcadia Architectural Products, Inc. (Robert Sayor).  To the extent that the claims are not directed to an insured, however, there would be no coverage for any damages, including but not limited to any damages arising out of allegations concerning the manufacture of the sliding glass *door* units.

> (Id.)

The Insurance Plaintiffs have provided a defense to the Arcadia Defendants in the Underlying Lawsuit in Hawaii State Court subject to a reservation of rights.  (Id. at p. 7).

**LAWSUIT FILED BEFORE THIS COURT**

In the lawsuit before the Court here, the Insurance Plaintiffs seek to have the federal court determine that they have no obligation or liability with respect to the Arcadia Defendants in the state court proceeding.

The lawsuit before the Court here is an action for Declaratory Judgment filed by the Insurance Plaintiffs.  The lawsuit alleges that the Insurance Plaintiffs issued primary and umbrella commercial general liability insurance policies only to Defendant AAP, Inc., not Arcadia, Inc.

The eight policies were issued to Defendant AAP, Inc. by the Insurance Plaintiffs for coverage during the time period of October 9, 2012 through October 9, 2016.  (Third Amended Complaint at ¶¶ 28, 51, 73, 84, 95, 106, 116, 127, ECF No. 61).

The Insurance Plaintiffs filed the Third Amended Complaint in this case, seeking a declaratory judgment that they have no duty to defend nor a duty to indemnify Defendant Arcadia, Inc. in the underlying Hawaii State Court lawsuit.

The Third Amended Complaint asserts several arguments, claiming the Insurance Plaintiffs have no duty to defend or indemnify.

First, the Insurance Plaintiffs argue that the commercial general liability insurance policies do not cover product defect damages.  They argue that the policies only cover "property

10

damage" that is caused by an "occurrence."  (<u>Id.</u> at ¶¶ 31, 54).
The policies define "occurrence" as an "accident, including
continuous or repeated exposure to substantially the same general
harmful conditions."  (<u>Id.</u> at pp. 9, 17).  The Insurance
Plaintiffs argue that none of the allegations in the underlying
suit against Arcadia Inc. with respect to the windows
manufactured by AAP, Inc. constitute an "occurrence."  (<u>Id.</u> at ¶¶
31, 54).

<u>Second</u>, the Insurance Plaintiffs argue that several
exclusions in the policies apply to bar coverage.  Exclusions in
the commercial general liability ("CGL") policies include
exclusions for damage to the insured's "products," its "work," or
for product recall expenses.  (<u>Id.</u> at pp. 9-10, 22-23, 27-28, 32-
33).  There is also a "products-completed operations hazard"
provision which excludes coverage for all "property damage"
occurring away from premises the insured owns or rents and
arising out of its product or work, except for products that are
still in its physical possession or work that has not been
completed.  (<u>Id.</u> at p. 9).

The umbrella policies also contain a number of other
exclusions the Insurance Plaintiffs rely on in their argument
that they are not liable.  (<u>Id.</u> at pp. 16-17, 25, 29-30, 34-36).

<u>Third</u>, the Insurance Plaintiffs argue that Arcadia Inc. is
not only not identified as a named insured under the policies but

also fails to qualify as an insured under the policies.  (<u>Id.</u> at ¶¶ 44-45, 66-67, 77-78, 88-89, 99-100, 110-11, 120-21, 133-34).

The Arcadia Defendants filed a Motion to Stay, or in the alternative, to dismiss.  The Arcadia Defendants claim that the underlying state court proceedings will adjudicate facts relevant to the determination of insurance coverage.

## STANDARD OF REVIEW

Pursuant to the Declaratory Judgment Act, federal courts **may** declare the rights and other legal relations of any interested party seeking such declaration.  28 U.S.C. § 2201(a) (emphasis added).  A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, Section 2 of the United States Constitution.  <u>Gov't Emps. Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

The district court is under no compulsion to exercise jurisdiction pursuant to the Declaratory Judgment Act.  <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494 (1942).  The district court has discretion to dismiss or stay the federal action where the case involves **solely** declaratory relief pursuant to the Declaratory Judgment Act.  <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 288 (1995). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of

practicality and wise judicial administration." <u>Id.</u>

An exception to the general rule exists when there is a claim for monetary relief. The district court should not decline jurisdiction when there are independent claims seeking monetary relief that have been joined with an action for declaratory relief. <u>United Nat'l Ins. Co. v. R & D Latex Corp.</u>, 242 F.3d 1102, 1112-13 (9th Cir. 2001).

## ANALYSIS

Federal district courts are courts of limited jurisdiction. They have no jurisdiction without specific constitutional or statutory authorization. <u>Exxon Mobil Corp. v. Allapattah Servs., Inc.</u>, 545 U.S. 546, 552 (2005). A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject-matter jurisdiction. <u>Thompson v. McCombe</u>, 99 F.3d 352, 353 (9th Cir. 1996).

Subject-matter jurisdiction is conferred on federal courts either through federal question jurisdiction pursuant to 28 U.S.C. § 1331 or through diversity jurisdiction pursuant to 28 U.S.C. § 1332. <u>Peralta v. Hispanic Bus., Inc.</u>, 419 F.3d 1064, 1068 (9th Cir. 2005).

## I. <u>Subject-Matter Jurisdiction When Claims Are Limited To Relief Pursuant To The Declaratory Relief Act</u>

A lawsuit seeking federal declaratory relief solely pursuant

to the Declaratory Relief Act must also fulfill the statutory jurisdictional prerequisites for diversity jurisdiction. <u>Gov't Emps. Ins. Co. v. Dizol</u>, 133 F.3d 1220, 1222-23 (9th Cir. 1998).

Plaintiffs Massachusetts Bay Insurance Company and The Hanover Insurance Company ("Insurance Plaintiffs") filed this action in federal court on the basis of diversity jurisdiction. (Third Amended Complaint at ¶ 7, ECF No. 61).

Diversity jurisdiction exists when there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (1996).

The Insurance Plaintiffs are incorporated in New Hampshire with their principal places of business in Massachusetts. (Third Amended Complaint at ¶¶ 1-2, ECF No. 61).

Defendant Arcadia Architectural Products, Inc. ("AAP, Inc.") was incorporated in Connecticut with its principal place of business in Connecticut. (<u>Id.</u> at ¶ 3).

Defendant Arcadia, Inc. is incorporated in California with its principal place of business in California. (<u>Id.</u> at ¶ 4).

Defendant Association of Apartment Owners of Poipu Point ("AOAO") was incorporated in Hawaii and is located in Hawaii. (<u>Id.</u> at ¶ 5).

There is complete diversity between the Plaintiffs and the Defendants named in the Third Amended Complaint. The Court's

14

jurisdictional inquiry does not end pursuant to diversity jurisdiction in this case.  Federal jurisdiction is discretionary, even when complete diversity is present, when the complaint is limited to claims under the Declaratory Judgment Act.  Dizol, 133 F.3d at 1222-23.

## II.  Court's Discretion To Stay Proceedings Pursuant to Brillhart v. Excess Ins. Co. Of Am., 316 U.S. 491 (1942)

The Insurance Plaintiffs have filed suit in this Court seeking declaratory judgment as to their duties to defend and indemnify the Arcadia Defendants in an underlying proceeding in Hawaii State Court.

The Hawaii State Court proceedings involve a construction project at Poipu Point on the island of Kauai.  The Association of Apartment Owners at Poipu Point ("AOAO") filed suit against numerous entities in Hawaii State Court including Defendant Arcadia, Inc.  The AOAO did not sue AAP, Inc.  The AOAO's claims involve sliding glass windows and doors that allegedly corroded following their installation and caused damage to other parts of their property.

Here, in the federal court proceeding, the Insurance Plaintiffs claim that the they have no duty to defend or a duty to indemnify the Arcadia Defendants in the underlying Hawaii State Court lawsuit.  The Insurance Plaintiffs argue that none of the allegations in the underlying suit against Arcadia Inc. are

covered by the policies issued to AAP, Inc.  They also argue that numerous exclusions apply to bar insurance coverage.  Finally, they argue that Arcadia Inc. is not qualified as an insured under the policies.

The Arcadia Defendants seek to stay proceedings in this Court on the issues raised in the Third Amended Complaint, because there are numerous factual issues involved in the underlying proceeding that are intertwined with the issues in the insurance dispute.  Defendants AAP, Inc. and Arcadia, Inc. have raised factual issues with respect to which entity manufactured the products that were used in the Poipu Point construction project.  They have also raised issues with respect to whether Arcadia, Inc. is a successor entity to AAP, Inc., and how such succession would affect liability in the underlying state court lawsuit.

The Arcadia Defendants assert here that the federal court should stay proceedings to avoid inconsistent rulings with the underlying state court case.

The Court must evaluate the <u>Brillhart</u> and <u>Dizol</u> factors to determine whether a stay is appropriate.

## A.    The <u>Brillhart</u> Factors

The district court analyzes the three factors set forth by the United States Supreme Court in <u>Brillhart v. Excess Ins. Co.</u>

of Am., 316 U.S. 491, 494 (1942) in evaluating whether to stay proceedings that are brought pursuant to the Declaratory Judgment Act.

A district court is under no compulsion to exercise its jurisdiction pursuant to the Declaratory Judgment Act.  316 U.S. at 494.

The district court may stay proceedings based on their evaluation of whether there is:

(1)  A Needless Determination Of State Law Issues;

(2)  Forum Shopping; and,

(3)  Duplicative Litigation.

Dizol, 133 F.3d at 1225 (citing Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1371-73 (9th Cir. 1991)).

The three Brillhart factors require the court to balance concerns of judicial administration, comity, and fairness.  Axis Surplus Ins. Co. v. McCarthy/Kiewit, 10-cv-00595 LEK-BMK, 2012 WL 112544, *9 (D. Haw. Jan. 12, 2012) (citing Dizol, 133 F.3d at 1225 and Brillhart, 316 U.S. at 494).

## 1.  Needless Determination Of State Law Issues

A needless determination of state law occurs when:

(1)  there is a parallel state court proceeding;

(2)  Congress has expressly left to the state regulation of the areas of law; or,

(3)  there is no compelling federal interest.

17

Keown v. Tudor Ins. Co., 621 F.Supp.2d 1025, 1031 (D. Haw. 2008)(citing Cont'l Cas. Co., 947 F.2d at 1371-72, overruled on other grounds in Dizol, 133 F.3d at 1225).

### a.   Parallel State Court Proceedings

The meaning of parallel proceedings is construed liberally. Actions are considered "parallel proceedings" when an ongoing state proceeding involves a state law issue that is predicated on the same factual transaction or occurrence involved in a matter pending before a federal court.  Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750, 755 (9th Cir. 1996), overruled on other grounds in Dizol, 133 F.3d at 1220.

In cases where parallel state proceedings exist, courts should stay proceedings in insurance coverage actions which present only issues of state law during the pendency of the parallel proceedings in state court.  Am. Nat. Fire Ins. Co. v. Hungerford, 53 F.3d 1012, 1017 (9th Cir. 1995), overruled in part by Dizol, 133 F.3d at 1220.

Courts have regularly found parallel proceedings when an insurance company files a complaint for declaratory relief in federal court seeking determinations as to its obligations for insurance coverage concerning underlying state proceedings.

In Catholic Foreign Mission Soc'y Of Am. v. Arrowood Indem. Co., 76 F.Supp.3d 1148, 1157 (D. Haw. 2014), a group of clergy

18

members brought a complaint in federal court for declaratory relief against an insurance company after the group had already been sued in state court.  The Catholic Foreign Mission Society claimed the insurer had a duty to defend and indemnify it in underlying lawsuits in state court alleging sexual abuse by its members.  Id.  The federal district court in Catholic Foreign Mission ruled that the underlying state court proceedings were "parallel state court proceedings" because the insurance company's coverage duties depended on a comparison of the allegations made in the underlying state court complaints with the insurance policies' provisions.  Id.

Just as in the Catholic Foreign Misson case, the Insurance Plaintiffs in this case filed a complaint for declaratory relief in federal court after the state court lawsuit was filed.  The Third Amended Complaint filed here seeks determinations as to whether the Insurance Plaintiffs have an obligation to defend or indemnify Arcadia, Inc. or AAP, Inc. with respect to the Underlying Lawsuit.  (Third Amended Complaint at ¶¶ 46-49, 68-71, 79-82, 90-93, 101-04, 112-14, 122-25, 135-38).  The proceedings are parallel because the duty to defend requires a comparison of the allegations in the Hawaii State Court proceeding with the insurance policy provisions.

The fact that the Insurance Plaintiffs are not a party in the underlying lawsuit does not affect the analysis.  Underlying

state actions need not involve the same parties to be considered
parallel.  <u>Keown</u>, 621 F.Supp.2d at 1037.  It is enough that the
state proceedings arise from the same factual circumstances as
the federal proceedings.  <u>Choy v. Cont'l Cas. Co.</u>, Civ. No. 15-
00281 SOM-KSC, 2015 WL 7588233, *2 (D. Haw. Nov. 25, 2015)
(citing <u>Golden Eagle Ins. Co.</u>, 103 F.3d at 755).

Here, the state and federal actions arise from the same
factual circumstances: the design, manufacture, and installation
of the glass windows and doors at Poipu Point.  The cases involve
the same factual transaction or occurrence such that they
constitute parallel proceedings.  <u>Nautilus Ins. Co. v. RMB
Enters., Inc.</u>, Civ. No. 19-00496 JAO-RT, 2020 WL 6324312, *8 (D.
Haw. Oct. 28, 2020).

The existence of parallel state court proceedings supports a
finding that the federal action may involve unnecessary
determinations of state law.

### b.    State Regulation Of Insurance Law

It is beyond dispute that Congress has expressly left
insurance law to be regulated by the states.  <u>Allstate Ins. Co.
v. Tucknott Elec. Co., Inc.</u>, 2014 WL 5408324, *3 (N.D. Cal. Oct.
23, 2014) ("Insurance law is an area that Congress has expressly
left to the states through the McCarran-Ferguson Act.") (internal
quotation marks omitted).  This factor supports a finding that

the federal proceeding may involve unnecessary determinations of state law.

### c.   Compelling Federal Interest

The Ninth Circuit Court of Appeals has explained that, "[w]here, as in the case before us, the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." Cont'l Cas. Co., 947 F.2d at 1371.  There is no compelling federal interest in this case.

All three of the factors indicate that the federal proceeding may involve determinations of state law that are unnecessary before the state case is completed.  The Brillhart policy of avoiding unnecessary declarations of state law is especially strong here.  Cont'l Cas. Co., 947 F.2d at 1371.

The first Brillhart factor weighs in favor of the Court staying proceedings.  Dizol, 133 F.3d at 1225.

### 2.   Forum Shopping

In order to balance concerns of judicial administration, comity, and fairness, the second Brillhart factor concerns whether the plaintiff filed the declaratory relief action in federal court as a means of forum shopping.

Forum shopping occurs when an insurer files a federal court declaratory action to see if it might fare better in federal

court at the same time the insurer is engaged in a state court action.  Am. Cas. Co. of Reading, Pa. v. Krieger, 181 F.3d 1113, 1119 (9th Cir. 1999).

The Insurance Plaintiffs are not a party to the underlying state court lawsuits, but they are engaged in the underlying proceedings as they are providing Arcadia, Inc. with a defense subject to a reservation of rights.  (Third Amended Complaint at ¶ 43, ECF No. 61; October 28, 2019 Letter from Insurance Plaintiffs' counsel to AAP, Inc., attached as Ex. 1 to Def.'s Reply, ECF No. 76-1).

Typically, reactive declaratory judgment actions occur when a party sues in federal court to determine their liability after the commencement of a state court action.  Axis Surplus Ins. Co. v. McCarthy/Kiewit, Civ. No. 10-00595 LEK-BMK, 2012 WL 112544, at *10 (D. Haw. Jan. 12, 2012) (citing Gemini Ins. Co. v. Clever Constr., Inc., Civ. No. 09-00290 DAE-BMK, 2009 WL 3378593, at *8 (D. Haw. Oct. 21, 2009)).  Reactive declaratory judgment suits support a court's decision to stay proceedings or decline jurisdiction as it is an indication of forum shopping.  Robsac, 947 F.2d at 1371.

The Court finds the second Brillhart factor favors staying proceedings.

### 3.   Avoiding Duplicative Litigation

The third <u>Brillhart</u> factor considers whether staying or declining jurisdiction will avoid duplicative litigation.

Duplicative litigation may be a concern if determining the insurance company's duties would require the determination of issues that the state court will address in the underlying actions.  <u>Gemini Ins. Co. v. Kukuiula Dev. Co.</u>, Civ. No. 10-00637 LEK-BMK, 2011 WL 3490253, *8 (D. Haw. Aug. 10, 2011).

### a.   Overlapping Disputes of Fact

Here, there are numerous potential overlapping issues between the Hawaii State Court proceeding and the case here in federal court, including:

(1)   Questions as to the specific entities responsible for the design and manufacture of the glass windows and doors.  The Hawaii State Court complaint asserts that Arcadia, Inc. was responsible for the manufacture of the products and their warranties whereas the Third Amended Complaint before the Court here alleges that AAP, Inc. manufactured and supplied the windows for the project.  (Underlying Proceedings' Second Amended Complaint at ¶¶ 2, 24, ECF No. 65-3; Third Amended Complaint at ¶ 14, ECF No. 61).

(2)   Questions as to the nature and cause of the damage to

Poipu Point.  Determinations in state court would impact whether insurance coverage is available based on the definition of "occurrence" in the insurance policies, requiring an "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."  (Third Amended Complaint at p. 9, ECF No. 61).

(3)  Questions as to the installation of the products are also at issue.  Findings in the state court proceeding will affect whether any of the exclusions apply to bar coverage, including whether damage was caused by the Arcadia Defendants' products or work.  (Id. at pp. 9-10).

### b.   Questions As To The Insured Under The Policies

As to the duty to defend, the underlying state court proceeding involves questions of liability involving Arcadia, Inc.  There are also questions whether Arcadia, Inc. qualifies as an insured under the policies.  The Insurance Plaintiffs' October 28, 2019 Letter to AAP, Inc. demonstrates that there are factual questions relevant to the duty to defend.  (October 28, 2019 Letter from Insurance Plaintiffs' counsel to AAP, Inc. at p. 8, attached as Ex. 1 to Def.'s Reply, ECF No. 76-1).

Questions in the underlying Hawaii State Court proceedings

as to Arcadia, Inc. and AAP, Inc.'s corporate relationship and the actions of its officers, directors, stockholders, and employees may impact the duty to defend and indemnify in this Court.

### c. The Insurance Plaintiffs' Reliance on <u>Nautilus Ins. Co. v. RMB Enters., Inc.</u>, Civ. No. 19-00496 JAO-RT, 2020 WL 6324312, *8 (D. Haw. Oct. 28, 2020) is misplaced

The Insurance Plaintiffs' reliance on <u>Nautilus Insurance Company v. RMB Enterprises, Inc.</u>, Civ. No. 19-00496 JAO-RT, 2020 WL 6324312, *8 (D. Haw. Oct. 28, 2020) is misplaced.  In <u>Nautilus</u>, the district court found that there was no chance of duplicative litigation because the underlying proceeding did not involve the same issues or parties and there was no chance of inconsistent results.  <u>Id.</u> at *9.  The court in <u>Nautilus</u> explained that the coverage issues for both the duty to defend and duty to indemnify could not affect the underlying action. <u>Id.</u>  The district court found there were no disputed issues of material fact regarding coverage and granted summary judgment. <u>Id.</u> at *15.

Unlike here, the <u>Nautilus</u> case was proceeding on a motion for summary judgment, not a motion to stay or dismiss.  Here, there are numerous factual issues regarding both the duty to defend and the duty to indemnify that could lead to inconsistent rulings with the underlying Hawaii State Court proceeding.

The factual disputes are particularly relevant regarding the duty to indemnify.  The Insurance Plaintiffs' duty to indemnify hinges on factual determinations that are duplicative of the factual determinations that are central to the state court case.  There are questions as to whether Arcadia, Inc. or AAP, Inc. manufactured the windows and doors used in the Poipu Point construction project.  There are also questions as to the installation of the products.  The cause of the damage at Poipu Point must be resolved in the state court proceeding.  All of these duplicative factual questions will determine whether the Arcadia Defendants are entitled to insurance coverage or whether an exclusion may apply to bar coverage.  Both the declaratory judgment claim in federal court and the underlying state lawsuit require factual determinations regarding liability for the allegedly defective glass windows and doors at the Poipu Point construction project.

The third Brillhart factor weighs in favor of staying proceedings.  See Catholic Foreign Mission Soc'y Of Am. Inc., 76 F.Supp.3d at 1160-61.

All three Brillhart factors favor this Court staying proceedings.

## B.   **The Dizol Factors**

The Brillhart factors are not exhaustive.  The Ninth Circuit

Court of Appeals in <u>Dizol</u> explained that the district court should also consider the following factors:

> (1)   whether the declaratory action will settle all aspects of the controversy;
>
> (2)   whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue;
>
> (3)   whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage;
>
> (4)   whether the use of a declaratory action will result in entanglement between the federal and state court systems;
>
> (5)   the convenience of the parties; and,
>
> (6)   the availability and relative convenience of other remedies.

<u>Dizol</u>, 133 F.3d at 1225 n.5.

<u>First</u>, the declaratory action in federal court will not settle all aspects of the controversy.  Proceeding in federal court could lead to piecemeal litigation as the declaratory action here does not involve the actions by the other construction companies involved in the project at Poipu Point and is limited to claims against the Arcadia Defendants.  <u>See</u> <u>Ford v. State Farm Mut. Auto. Ins. Co.</u>, Civ. No. 16-00220 JMS-KJM, 2016 WL 6275181, *8 (D. Haw. Aug. 31, 2016), report and recommendation adopted 2016 WL 5339348 (D. Haw. Sept. 22, 2016).

<u>Second</u>, although the declaratory action would serve a useful purpose in clarifying the legal relationship between the Insurance Plaintiffs and the Arcadia Defendants, it will not

27

clarify the legal relationships between all the parties at issue in the underlying proceedings and would entangle the state and federal court systems.  Choy, 2015 WL 7588233, at *9.

Third, the state court forum would provide as convenient of a forum to the Parties as the Hawaii federal court and would avoid duplicative litigation.  Dizol, 133 F.3d at 1225 n.5.

Finally, there are procedural considerations of maintaining suits in two separate forums that favor staying proceedings.  The Arcadia Defendants rely on Dairy Road Partners v. Island Ins. Co., 992 P.2d 93, 112 (Haw. 2000) to argue that Arcadia, Inc. will be forced to take conflicting litigation strategies if it is required to litigate in the two different forums at the same time.

In Dairy Road Partners, the Hawaii Supreme Court explained that an insured should not be forced to take inconsistent litigation positions between an underlying proceeding and a declaratory judgment proceeding in order to satisfy its insurer that it should be covered.  993 P.2d at 112.  The Hawaii Supreme Court expressed that an insured could "be saddled with the Procrustean dilemma of being forced to adduce facts proving his or her own liability in the underlying lawsuit in order to satisfy the insurer that there may be merit to the underlying covered claim."  Id.

In Dairy Road Partners, a Dairy Road Partners' employee was

28

driving his own vehicle when he struck and killed a pedestrian. Dairy Road Partners was sued in two different lawsuits concerning the accident by its employee.  Dairy Road Partners filed suit against its insurer, Island Insurance Company, seeking a declaratory judgment.

In the declaratory judgment action, the insured was put in the position where it would have had to prove that its employee was acting within the scope of his employment in order to demonstrate to the insurance company that there was coverage under the policy for which the insurance company was required to defend.  Id.  Dairy Road Partners wanted to maintain its position that it was not liable for the acts of an employee driving his own vehicle, but it was also concerned about its ability to obtain insurance coverage in the event it was deemed liable.  In order to obtain coverage, Dairy Road Partners would have been forced to take the conflicting position that it was liable and that its employee was acting within the scope of his employment. Id.  The Hawaii Supreme Court asserted that the insured should not be required to take inconsistent positions regarding liability in order to be defended by the insurance company.  Id.

Arcadia, Inc. argues that it is saddled with the same dilemma in this case.  If proceedings are not stayed, Arcadia, Inc. may put forth that it is not liable in the underlying proceeding because it is not responsible for the products used in

29

the Poipu Point project, and assert that AAP, Inc. is wholly liable.  Such an argument is inconsistent with its position in this case that Arcadia, Inc. is a covered entity that is entitled to defense by the Insurance Plaintiffs as either the same entity or successor to AAP, Inc.

Staying proceedings will avoid the need for inconsistent litigation positions as expressed by the Hawaii Supreme Court in Dairy Road Partners, 992 P.2d at 112.  The possibility of inconsistent factual determinations and litigation positions favors staying proceedings.

Both the Brillhart and Dizol factors favor that this Court exercise its discretion to stay proceedings.

## CONCLUSION

DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. AND ARCADIA, INC.'S MOTION TO STAY (ECF No. 65) is **GRANTED.**

IT IS SO ORDERED.

DATED: January 29, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Massachusetts Bay Insurance Co.; Hanover Insurance Company v. Arcadia Architectural Products, Inc.; Arcadia Inc.; Association of Apartment Owners at Poipu Point; Civ. No. 20-00284 HG-WRP; **ORDER DENYING DEFENDANTS ARCADIA ARCHITECTURAL PRODUCTS, INC. AND ARCADIA, INC.'S MOTION TO STAY (ECF No. 65)**